YOUNG *v.* CHUMLEY.

(*Knoxville*, September Term, 1949.)

Opinion filed December 17, 1949.

John P. Davis, of Tazewell, for plaintiff in error.

J. R. Ketron and G. Howard Nevils, of Tazewell, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit involves the possession of a large quantity of beer, and the question presented on this appeal is one of jurisdiction.

Defendant, Dan L. Chumley, is Sheriff of Claiborne County. Armed with a search warrant, he went to the

home of Mrs. Young in New Tazewell and searched her premises. She lived in a four-room cottage with her three small children. In one room, with no furniture, the Sheriff found eight cases of beer still in the cases, two cases of 24 bottles each, seven cases in an icebox on ice, seven cases containing empty bottles, and a number of empty bottles and empty fruit jars not in cases. He took possession of the beer and removed it to the courthouse and filed his report with the clerk of the circuit court. The Sheriff did not see Mrs. Young sell any beer or whisky and did not know of his own knowledge that she actually sold any.

Mrs. Young procured a replevin warrant from a justice of the peace for the beer in question, and the justice of the peace before whom the case was tried rendered judgment in favor of defendant. Mrs. Young appealed to the circuit court, and the case was heard by the circuit judge on an agreed statement of facts. The circuit judge was of opinion that the justice of the peace was without jurisdiction and dismissed the suit of Mrs. Young.

"It shall be unlawful for any person to have or keep in stock, in any warehouse or place of business or other place, any intoxicating liquors, including wine, ale or beer, intended for present or future sale as a beverage, either wholesale or retail and whether intended to be sold for delivery at the place of sale or to be shipped or otherwise transported for delivery at another place." Williams' Code, Section 11251.

"All sheriffs, deputy sheriffs, constables, and policemen of the state are hereby empowered and required to take into possession any intoxicating liquors, including wine, ale, and beer, which have been received by, or are in possession of, or are being transported by, any person

in violation of any law of this state." Williams' Code, Section 11224.

"All persons claiming any interest in intoxicating liquors seized in accordance with the provisions of this article shall do so by petition, which petition shall be filed in the circuit or criminal court of the county in which such liquors were seized within ten days after the filing of the statement showing the seizure thereof, required in Section 11225; provided, however, that persons for whom advertisement is made by notice as herein required may file such petition within the time set out in said notice. It shall be the duty of the sheriff to ascertain what notices have been posted by the clerk in accordance with the provisions of this article and make return thereof to the court as hereinbefore provided." Williams' Code, Section 11231.

Mrs. Young insists that Chapter 69 of the Acts of 1933 repealed Section 11251 of Williams' Code above quoted; that at least by implication the 1933 Act repealed previous Acts dealing with the possession and sale of beer.

Chapter 69 of the Acts of 1933 was passed to authorize, regulate and license the sale, transportation, storage, possession, receipt, manufacture and distribution of beer. There is nothing in the Act setting out the procedure which must be followed to possess beer or other intoxicating liquors seized by officers under warrants charging the unlawful possession of the same.

Defendant contends that the sections of Williams' Code above referred to were not repealed, and if beer or other intoxicants are seized by officers under warrants charging possession for unlawful purposes, the only method or procedure for the repossession is by petition

in the circuit court, and in such case a justice of the peace is without jurisdiction.

This Court has held that the unlawful possession of beer for sale may be shown by circumstantial evidence. The circumstances here indicate that Mrs. Young had this beer in her possession for the purpose of sale. She was living in a four-room cottage with three small children, and we do not believe she had this beer on hand for any purpose other than its illegal sale. However, Mrs. Young is charged with possessing the beer for the purpose of sale, and we hold that her only remedy, in an effort to repossess it, is under Section 11231 of Williams' Code, which has not been repealed.

All assignments of error are overruled and the judgment is affirmed.

All concur.